UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20438-CR-GAYLES/SHAW-WILDER

UNITED STATES OF AMERICA,

v.

YANIEL CARDENAL FRIAS
JORGE VICTOR HERRERO GAMEZ,

      **Defendants.**
_____/

ORDER GRANTING THE GOVERNMENT'S UNOPPOSED MOTION FOR HEARING
REGARDING POTENTIAL CONFLICT OF REPRESENTATION
AND ORDER FOLLOWING HEARING

**THIS CAUSE** is before the Court on the Government's Unopposed Motion for Hearing Regarding Potential Conflict of Representation (the "Motion"), [ECF No. 113], which was referred to the undersigned by the Honorable Darrin P. Gayles, [ECF No. 114].  The Government requested a hearing regarding a potential conflict of representation between Defendant **YANIEL CARDENAL FRIAS ("Frias")** and Defendant **JORGE VICTOR HERRERO GAMEZ ("Herrero Gamez") (collectively, "Defendants")**. Having reviewed the Motion, pertinent portions of the record, and being otherwise fully advised in the premises, the Government's Motion, [ECF No. 113], is **GRANTED** as follows:

## I.  BACKGROUND

Defendants Frias and Herrero Gamez are each charged by Superseding Indictment with (1) conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846 (Count I); and (2) possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 821(Count IV). *See* [ECF No. 109].

Joaquin Perez, Esq., currently represents Defendant Frias in this matter. In 2022, Mr. Perez represented Defendant Herrero Gamez in an unrelated case, *USA v. Herrero Gamez*, Case No. 22-CR-10004, in which a judgment was issued in 2023. Mr. Perez represented to the Court that his representation of Defendant Herrero Gamez terminated at that time, and they do not currently maintain an attorney-client relationship. According to Mr. Perez, he did not independently recall his representation of Defendant Herrero Gamez until the Government raised the issue of the prior representation in connection with the Motion. Mr. Perez does not currently, and does not intend to, represent Defendant Herrero Gamez in this matter. Defendant Herrero Gamez is represented by his own counsel, who has no professional association with Mr. Perez.

The Government articulated circumstances that could give rise to future actual or perceived conflicts of interest resulting from Mr. Perez's prior attorney-client relationship with Defendant Herrero Gamez. The Court found that the Government's articulated concerns warrant a *Garcia* hearing. Accordingly, the Court conducted a *Garcia* hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), on January 21, 2026. The following parties were present at the *Garcia* hearing: Defendant Frias, accompanied by privately retained counsel, Joaquin Perez, Esq; Defendant Herrero Gamez, accompanied by court-appointed Criminal Justice Act counsel, Marissel Descalzo, Esq; and Assistant United States Attorney Daya Nathan, Esq. for the Government. Defendants were aided by a Spanish language interpreter provided by the Court.

## II.     LEGAL STANDARD

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. Amend. VI. An essential part of this right is the criminal defendant's ability to select his counsel. *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994). This right, however, is not absolute. *United States v.*

*Schneider*, 853 F. App'x 463, 464 (11th Cir. 2021). When considering whether to disqualify defense counsel, the court must balance "(1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." *Ross*, 33 F.3d at 1523. The court examines "whether the subject matter of the first representation is substantially related to that of the second" to determine if a conflict warrants disqualification. *Schneider*, 853 F. App'x at 465. For instance, an actual, direct conflict exists where counsel "has previously represented a person who will be called as a witness against a current client at a criminal trial." *Ross*, 33 F.3d at 1523. If an attorney has an actual conflict of interest, that conflict will also be imputed to all the attorneys in the same firm. *Id.*

Nevertheless, a defendant may waive a conflict of interest and elect to proceed with his selected counsel, as long as the waiver is "knowing, intelligent, and voluntary." *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006). For a waiver to be knowing and intelligent, the Government "must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel." *Id.* (citation omitted). "Although the district court is not required to accept a defendant's waiver, . . . a criminal defendant has a presumptive right to counsel of choice and courts should hesitate to disqualify defense counsel . . . ." *Id.* (citations omitted).

### III.   THE GARCIA HEARING

The Court conducted a full colloquy with each Defendant to confirm that each Defendant was competent to make a knowing and voluntary decision concerning their representation and that each Defendant understood the actual, potential, and possible conflicts of interest that could arise given Mr. Perez's prior representation of Defendant Herrero Gamez. The Court gave each

3

Defendant the opportunity to consult with independent counsel, and each declined.  Mr. Perez and Ms. Descalzo each confirmed that they had a full opportunity to discuss the Motion and the conflict issue with their clients.  Mr. Perez stated that he did not maintain any attorney-client privileged information from his prior representation of Defendant Herrero Gamez and confidently stated that he does not anticipate any circumstance in this case at either trial or plea negotiations that would result in a conflict of interest.

Based on Defendant Frias and Defendant Herrero Gamez's responses under oath to the Court's questions concerning competence, the Court found that both Defendants were competent, intelligent, clear-headed, and not under the influence of any drugs or alcohol.  The Court further determined that both Defendants were fully capable of understanding the proceedings and making an informed decision and/or waiver of any actual or potential conflict of interest.  Each of Defendants' counsel also confirmed that their clients were competent to proceed with the hearing.

The Court fully advised Defendants of their Sixth Amendment rights, provided examples of potential conflicts, and gave each Defendant the opportunity to ask any questions or state any concerns to the Court. Defendants stated they had no questions or concerns and repeatedly affirmed that they understood the potential risks and consequences arising from any conflict of representation.  Defendants stated that they each wanted to continue with their current representation and had no objections to Mr. Perez representing Defendant Frias in this matter. Defendants Frias and Herrero Gamez each knowingly and voluntarily, with the advice of competent counsel, executed written waivers regarding Mr. Perez' representation in this matter. The written waivers have been filed in the record. [ECF Nos. 150, 151].

For the reasons stated above and at the *Garcia* hearing, the Court finds that good cause exists to believe that no conflict of interest will arise.  *See* Fed. R. Crim. P. 44(c)(2).  This Court

further finds that Defendant Cardenal Frias and Defendant Herrero Gamez have knowingly, intelligently, and voluntarily waived any actual, current, or potential conflict of interest in this case if one currently exists or if one arises in the future. They have done so with the advice of competent counsel and after declining independent counsel.

Accordingly, it is **ORDERED AND ADJUDGED** that Joaquin Perez, Esq., may permanently represent Defendant Cardenal Frias in this case, absent a change of circumstances or further determination by the Court, in its sound discretion.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 26th day of January 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

Cc: All Counsel of Record