UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  25-CR-20438-GAYLES(s)

UNITED STATES OF AMERICA

v.

YANIEL CARDENAL FRIAS,

Defendant.
_____/

## STIPULATED FACTUAL PROFFER

The United States of America, YANIEL CARDENAL FRIAS (CARDENAL FRIAS or "Defendant"), and his undersigned counsel agree that, had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

Beginning at least as early as September 2024, and continuing through September 16, 2025, in Miami-Dade County, in the Southern District of Florida, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with others to distribute and possess with intent to distribute more than fifteen (15) but less than fifty (50) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846.

Using investigatory techniques, including federally authorized wiretaps from May 16, 2025 through September 16, 2025, physical surveillance, and search warrants, the Drug Enforcement Administration and other law enforcement agencies established that, between at least September 2024 and September 2025, the Defendant conspired with co-defendants Reinaldo Fernandez and Jorge Victor Herrero Gamez to distribute and possess with the intent to distribute cocaine.

In late August 2025, law enforcement intercepted phone calls in which Fernandez spoke

with CARDENAL FRIAS and Alfredo Miranda and arranged to purchase cocaine from CARDENAL FRIAS, and, in turn, sell cocaine to Miranda. On August 24 and 25, 2025, CARDENAL FRIAS and Herrero Gamez brought at least 17 kilograms of cocaine to Defendant's residence in Hialeah, Florida. Fernandez agreed to pay CARDENAL FRIAS and Herrero Gamez $12,000 per kilogram for the cocaine.

On August 25, 2025, Fernandez went to Miranda's residence, delivered approximately 16 kilograms of cocaine to Miranda, and received payment from Miranda for the cocaine. Fernandez instructed CARDENAL FRIAS and Herrero Gamez to meet him at Fernandez's residence for payment. Fernandez then met with CARDENAL FRIAS and Herrero Gamez at his residence. In sum, Fernandez paid CARDENAL FRIAS and Herrero Gamez over $200,000 for the cocaine.

After CARDENAL FRIAS and Herrero Gamez left Fernandez's residence, law enforcement stopped their vehicle. Law enforcement lawfully seized a large bundle of U.S. currency that was near the front center console. Law enforcement intercepted a phone call where CARDENAL FRIAS accused Fernandez of setting CARDENAL FRIAS up, but stated that law enforcement did not seize all of the currency. Herrero Gamez then hid a backpack in a restaurant bathroom trash can. Law enforcement seized the backpack, which contained additional bulk U.S. currency. Herrero Gamez agrees that the bulk U.S. currency seized from the vehicle, backpack, and trash can on August 25, 2025, which amounted to at least $204,280, was narcotics proceeds.

On August 27, 2025, law enforcement executed a federal search warrant at Miranda's residence. Law enforcement seized from a portable bathroom located in the back yard 16.3 kilograms of cocaine (as confirmed by the Drug Enforcement Administration laboratory) that

Miranda had purchased from Fernandez. Law enforcement also seized additional cocaine and approximately $41,056 in U.S. currency. Herrero Gamez agrees that he does not have a claim to this $41,056.

The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to prove beyond a reasonable doubt the Defendant's guilt as to the crime of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 3/17/26          By: _____
                            DAYA NATHAN
                            ASSISTANT UNITED STATES ATTORNEY

Date: 3/17/26          By: _____
                            JOAQUIN PEREZ
                            ATTORNEY FOR DEFENDANT

Date: 3/17/26          By: _____
                            YANIEL CARDENAL FRIAS
                            DEFENDANT